| | |
|---|---|
| 1 | Khalil Ahmad (SBN 131819) |
|   | Lorenda L. Stern (SBN 256237) |
| 2 | AHMAD LAW GROUP |
|   | 990 Highland Drive, #104-B |
| 3 | Solana Beach, CA 92075 |
|   | Phone Number: (858)481-5606 |
| 4 | Fax Number: (858)481-7379 |
|   | Email: Khalil@ahmadlawgroup.com |
| 5 | |
|   | Attorneys for Defendants |
| 6 | LINCOLN CREDIT CENTER, RUSSEL TANG, and KEN DUONG |

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**'17CV0066 BEN AGS**

| | |
|---|---|
| JIE ZHOU, an individual and also known as Jacky Zhou; CECILIA CHONG, an individual and also known as Chew F. Chong and Chew F. Wong; and LAN LI, an individual, | Case No.: BC634052 |
| | **CLASS ACTION** |
| Plaintiffs, | **DEFENDANTS LINCOLN CREDIT CENTER, INC., RUSSELL TANG AND KEN DUONG'S NOTICE OF REMOVAL** |
| vs. | |
| LINCOLN CREDIT CENTER, INC, a California corporation; RUSSEL TANG, an individual; KEN DUONG, an individual; and DOES 1-50, inclusive, | |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendants LINCOLN CREDIT CENTER, INC; RUSSEL TANG, and KEN DUONG hereby remove to this court the state court action described below.

1. On September 15, 2016, this action was commenced in the Superior Court of the State California in and for the County of San Diego, entitled Jie Zhou, et al. vs. Lincoln Credit Center, Inc. et al. as Case No. BC634052.

1     2. True and accurate copies of the Summons and Complaint are attached hereto as Exhibits "A" and "B", respectively, to this Notice. Exhibits "A" and "B" are, to the best of these defendants' knowledge, all the process, pleadings and orders filed in the San Diego Superior Court case. The first date upon which defendants Jie Zhou, et al. were served Exhibits "A" and "B" was on or around September 25, 2016. This notice is not timely pursuant to 28 U.S.C. § 1446 (b), however Defendant's counsel and Plaintiff's counsel, Alexei Brenot agreed to an extension till January 13, 2016.

    3. This action is a civil action of which this court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this court by defendants pursuant to the provisions of 28 U.S.C. § 1441 (b) in that it arises under Section 1983 of Title 42 of the United States Code. Lincoln Credit Center, Inc.'s principal place of business is located in San Diego County. A corporation's principal place of business is its "nerve center," where its officers direct, control, and coordinate the corporation's activities (*Hertz Corp. v. Friend* (2010) 559 US 77, 92–93). Generally, the "nerve center" is "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." Id. Lincoln Credit Center, Inc. only has branch offices in Los Angeles and Orange Counties, as plaintiffs allege in their Complaint for Damages ("CFD"). Further, the summons was served at Lincoln Credit Inc.'s address, which is its principal place of business in San Diego county.

    4. All other named defendants who have been served with the summons and complaint in this action are named in this Notice of Removal. These defendants have resided in San Diego for all times relevant here.

    5. Defendants will give written notice of the filing of this notice as required by 28 U.S.C. § 1441 (d).

    6. Defendants certify that a copy of this notice will be filed with the clerk of the Superior Court of California, County of San Diego, as required by 28 U.S.C. § 1441 (d).

**BASIS FOR REMOVAL**

7. This action is within the original jurisdiction of this Court, in San Diego, and removal is therefore proper under diversity jurisdiction as provided in 28 U.S.C. § 1332 (d)(D)(2)(A), which grants district courts original jurisdiction over class actions in which the amount in controversy may exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from the defendant. As set forth below, this action satisfies each of the requirements of 28 U.S.C Section 1332(d)(D)(2)(A) for original jurisdiction under. *See Lowdermilk v. U.S. Bank, N.A.*, 479 F.3d 994, 997 (9th Cir. 2007).

8. <u>Covered Class Action.</u> This action meets the Class Action Fairness Act (CAFA) definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) &(b).

9. <u>Diversity.</u> The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332 (d)(D)(2)(A). Plaintiffs purport to only represent class members in the state of California in their CFD, however, plaintiff states, "[o]ver two-thirds of the class are citizens of the State of California as of the time of filing, as the class is limited to California citizens only." (CFD 4:3-4) Therefore, seemingly requiring the district court to deny jurisdiction pursuant to 28 U.S.C. § 1332 (d)(4)(A)(i)(I). However, Plaintiffs state "[t]he Class of persons described above are so numerous that the joinder of all members in one action is impracticable. Plaintiffs are informed . . . that Defendants consulted with and were hired by over several hundred persons, all of whom responded to Defendant." (CFD 11:4-7). Over two-thirds of the members of the purported class are outside, not inside, the state of California, therefore, satisfying the diversity requirements of CAFA. 28 U.S.C. § 1332 (d)(2)(A).

10. <u>Amount in Controversy.</u> Under CAFA, the claims of individual class members are aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332 (d)(6). Plaintiffs seek, among other things, damages, restitution, injunctive relief, compensatory, exemplary, and punitive damages, attorneys' fees and litigation expenses and costs.

(CFD 43-46) Without conceding any merit to the CFD or causes of action, the amount in controversy here, aggregated with all class members, satisfies CAFA's jurisdictional threshold.

## CONCLUSION

11. For all the aforementioned reasons, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332 (d). Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a) and § 1453.

WHEREFORE, defendants request that this action proceed in this Court as an action properly removed to it.

DATED: January 11, 2017

                                               s/Khalil Ahmad
                                               KHALIL AHMAD,
                                               AHMAD LAW GROUP
                                               Attorney for Defendants

                                               RUSSEL TANG, and KEN DUONG